UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREEDOM SCIENTIFIC,
INC., a Delaware corporation,

        Plaintiff,

v.                                CASE NO. 8:11-CV-01194-EAK-AEP

ENHANCED VISION SYSTEMS,
INC., a California corporation,

        Defendant.
_____/

**ANSWER TO FIRST AMENDED COMPLAINT,**
**AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendant, Enhanced Vision Systems, Inc. ("Enhanced Vision", "Defendant" or "Counter-Plaintiff"), by and through undersigned counsel, hereby files this Answer to the First Amended Complaint by Freedom Scientific, Inc. ("Freedom Scientific", "Plaintiff" or "Counter-Defendant"), Affirmative Defenses and Counterclaims as follows:

**The Parties**

1. Without knowledge.

2. Admitted.

3. Admitted.

4. Admitted that jurisdiction and venue are proper.

**Count I**

5. Without knowledge.

6. Admitted that Defendant filed an initial reexamination request relating to the '013 Patent on or about the date indicated and that proceedings relating to this initial reexamination request were completed on or about the date indicated.

7. Denied that the USPTO "confirmed the patentability" of original Claims 1-7. Admitted that Plaintiff was permitted to add new Claims 8-10 and that Plaintiff attaches a copy of the patent following the initial reexamination with the indicated patent number.

8. Without knowledge.

9. Denied.

10. Admitted.

11. Denied.

12. Denied.

13. Denied.

14. Denied to the extent Plaintiff claims this case is "exceptional" in its favor.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff is estopped from asserting its infringement claim under the doctrines of prosecution disclaimer and/or prosecution history estoppel.

### Second Affirmative Defense

Plaintiff claims are barred in whole or in part under the doctrines of patent misuse and/or unclean hands.

### Third Affirmative Defense

The '013 patent is invalid for failure to satisfy one or more of the conditions of patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and 282.

## COUNTERCLAIM

Enhanced Vision, for its counterclaims against Freedom Scientific, alleges as follows:

## The Parties

1. Defendant/Counter-Plaintiff Enhanced Vision is a California company with its principal place of business at 5882 Machine Drive, Huntington Beach, CA 92649.

2. Upon information and belief, Plaintiff/Counter-Defendant Freedom Scientific is a Delaware corporation with its principal place of business at 11800 31st Court N., St. Petersburg, FL 33716.

## Jurisdiction and Venue

3. Jurisdiction over these counterclaims arises under the patent laws of the United States, 35 U.S.C. §§101 *et seq.* and the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.* The Court further has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

4. The Court has subject matter jurisdiction over Freedom Scientific and venue is proper in this district by way of the fact that these are counterclaims brought in response to an action filed in this district by Freedom Scientific. Venue is also proper pursuant to 28 U.S.C. §1391 and/or §1400 in that Freedom Scientific has its principal place of business in this district.

## Count I – Declaratory Judgment of Non-Infringement of '013 Patent

5. In its complaint, Freedom Scientific alleges patent infringement against Enhanced Vision relating to the claims of United States Patent Number 7,929,013 C1 (the "'013 Patent").

6. As a result of the allegations made by Freedom Scientific against Enhanced Vision in the Complaint, Counter-Plaintiff has a reasonable apprehension that Freedom Scientific will continue to claim that Enhanced Vision has infringed the '013 Patent.

7. Since the '013 Patent issued, Enhanced Vision has sold at least two versions of its Merlin desktop electronic magnifier.

8. Enhanced Vision has not infringed the '013 Patent.

9. Enhanced Vision seeks a declaratory judgment that each version of its Merlin desktop electronic magnifiers does not infringe the '013 Patent and that Enhanced Vision has not infringed the '013 Patent.

## Count II – Declaratory Judgment of Invalidity of the '013 Patent

10. In its complaint, Freedom Scientific alleges patent infringement against Enhanced Vision relating to the claims of United States Patent Number 7,929,013 C1 (the "'013 Patent").

11. The '013 patent is invalid for failure to satisfy one or more of the conditions of patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and 282.

12. Freedom Scientific's actions have caused an actual case or controversy regarding the validity of the '013 Patent.

13. Enhanced Vision is therefore entitled to a declaratory judgment that the '013 Patent is invalid.

## Prayer for Relief

Wherefore, Enhanced Vision requests judgment in its favor against Freedom Scientific for at least the following:

a. That Freedom Scientific is entitled to no relief under its Complaint;

b. That the Court declare that Enhanced Vision has not and does not infringe the '013 Patent;

c. That the Court declare the '013 Patent invalid;

d. That the Court award Enhanced Vision all applicable fees and costs, including but not limited to reasonable attorney's fees; and

e. That the Court grant Enhanced Vision any other relief to which Enhanced Vision is entitled.

**Demand for Jury Trial**

Enhanced Vision hereby demands trial by jury.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 27th day of February, 2014, a true and correct copy of the foregoing has been filed with the Clerk of the Court using the CM/ECF System, who will send an electronic notification of filing to: Michael J. Colitz, III, GrayRobinson PA, Suite 2200, 201 North Franklin Street, Tampa, Florida 33602.

/s/ *Joseph J. Weissman*
Frank R. Jakes, FBN 372226
E-Mail: frankj@jpfirm.com
Joseph J. Weissman, FBN 0041424
E-Mail: josephw@jpfirm.com
JOHNSON, POPE, BOKOR,
 RUPPEL & BURNS, LLP
403 E. Madison Street, 4th Floor
Tampa, FL 33602
Phone (813) 225-2500
Fax (813) 223-7118

#1725398