IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division

| | |
|---|---|
| FREEDOM SCIENTIFIC, INC., a Delaware Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 8:11-cv-01194-CEH ) |
| ENHANCED VISION SYSTEMS, INC., a California Corporation, | ) ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
AND A COMPLETE RESPONSE TO INTERROGATORY NO. 4
AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Fed. R. Civ. P. 37(a) and M.D. Fla. L.R. 3.04(a), Plaintiff, Freedom Scientific, Inc. ("Freedom"), hereby moves for entry of an order compelling Defendant, Enhanced Vision Systems, Inc. ("EVS"), to provide documents requested in Freedom's First Request for Production of Documents and to provide a complete response to Interrogatory No. 4 of Freedom's First Set of Interrogatories. In addition to an order compelling this production, Freedom seeks recovery of the attorneys' fees and expenses necessitated by this motion pursuant to Fed. R. Civ. P. 37(a)(5).

**I.     BACKGROUND**

On May 31, 2011, Freedom filed this action against EVS for EVS' infringement of U.S. Patent Number 7,929,013 (the "'013 Patent). Since the inception of this case, EVS has engaged in a pattern of delay. Specifically, on October 25, 2011, EVS requested an *ex parte* reexamination of the '013 Patent before the U.S. Patent and Trademark Office (the "First Reexamination"), and on November 7, 2011, moved to stay this case pending the First Reexamination [Dkt. 16]. Over Freedom's objection, the Court entered its Order on January 31, 2012, staying the present litigation

1

to allow the First Reexamination to run its course.  On September 17, 2013, the USPTO issued a Reexamination Certificate, which confirmed the patentability of all claims (Claims 1-10) of the '013 Patent.

Not satisfied with the outcome of the First Reexamination, EVS filed a second reexamination request on October 31, 2013 (the "Second Reexamination").  Meanwhile, following the conclusion of the First Reexamination, EVS opposed Freedom's attempt to reopen the litigation. [Dkt. 35.] Despite EVS' objections, and fully considering the pendency of the Second Reexamination, this Court lifted the first stay on December 4, 2013.  [Dkt. 39.]  Unsatisfied with the Court's order lifting the stay, EVS filed a Second Motion to Stay Pending Reexamination on January 13, 2014.  [Dkt. 42.] On February 25, 2014, the Court denied EVS' Second Motion to Stay.  [Dkt. 51.]  Despite the most recent Order denying a stay, EVS made its third attempt to stay this litigation (in addition to its objection to the Motion to Reopen) through its Renewed Motion to Stay Pending Reexamination filed on April 25, 2014.  [Dkt. 55.]

After the Court lifted the first stay, Freedom made efforts to move the litigation forward. Specifically, Freedom served its First Request for Production of Documents and First Set of Interrogatories on EVS on February 6, 2014.  On March 10, 2014, when discovery responses were due, EVS asked for an extension to respond until April 1, 2014.  Freedom agreed to this extension. On March 27, 2014, EVS asked for a second extension until April 4, 2014.  Freedom again agreed to this extension. On April 4, 2014, EVS finally provided written discovery responses; however, it never provided the associated document production and failed to respond fully to all interrogatories.

As a result of these deficient responses, on May 2, 2014, Freedom sent EVS a letter in good faith to resolve the outstanding discovery disputes.  See Exhibit A.  The undersigned and counsel for EVS arranged a telephone conference on May 30, 2014, regarding the outstanding discovery issues,

-2-

during which counsel for EVS stated that he would contact EVS so that he could provide the promised document production. The undersigned followed up on the production on June 4, to which counsel for EVS indicated he would have more information about the status of the document production on June 10, 2014. See Exhibit B, Email dated June 9, 2014, from Joseph Weissman to Kristin Shusko. Counsel for EVS never responded on June 10, 2014. Consequently, the undersigned requested that EVS produce documents by June 18, 2014. On June 19, counsel for EVS contacted the undersigned and asked for yet another extension to produce documents and claimed that the documents would be provided by July 3, 2014. See Exhibit C, Email dated June 19, 2014, from Joseph Weissman to Michael J. Colitz. The undersigned agreed to this further extension, but requested that EVS at a minimum provide comments to the proposed protective order by June 20, 2014. *See* Exh. B. EVS never provided comments to the proposed protective order by June 20 and never produced documents on July 3, 2014. In fact, despite Freedom's repeated good faith attempts to accommodate EVS and despite EVS' repeated representations that documents would be produced, to date, EVS has failed to execute or provide comments to the protective order, and has failed to provide the document production or otherwise supplement its discovery responses.

**II.     GOVERNING LAW**

Motions to compel under Federal Rule of Civil Procedure 37 are committed to the sound discretion of the trial court. See Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. See id. Pursuant to Fed. R. Civ. P. 26(b), a party is entitled to discover "any nonprivileged matter that is relevant to any party's claim or defense..." Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." See Fed.

R.Civ.P.26(b)(1). The purpose of discovery is to allow parties to pin down the theories of defenses and claims, thereby "confining discovery and trial preparation to information that is pertinent to the theories of the case." Suncast Technologies, L.L.C. v. Patrician Products, Inc., 2008 WL 179648 (S.D. Fla. Jan. 17, 2008) (quoting O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc., 467 F.3d 1355, 1365 (Fed. Cir. 2006)).

**III.   DISCOVERY AT ISSUE**

As an initial matter, in response to Requests to Produce 1, 5–8, and 10, EVS indicated that it would produce the requested documents. However, despite repeated inquires by Freedom and repeated assurances by EVS' counsel that documents would be provided, no documents have been produced. To the extent EVS objects to the production based on the confidentiality of documents, Freedom provided a proposed protective order for the parties' execution, which would alleviate any such concerns. Again, however, EVS has yet to comment on or execute the protective order and has yet to produce any documents. Pursuant to Local Rule 3.04(a), Freedom is including below a full quotation of Requests to Produce 1, 5–8, and 10, to which EVS indicated it would produce documents.

> 1.   All documents identified or relied upon in response to Plaintiffs First Set of Interrogatories served herewith.
>
>    RESPONSE:
>
>    *Enhanced Vision will produce documents responsive to this request.*
>
> 5.   Documents sufficient to show the complete design, structure, assembly, and operation of all versions of the Accused Products. By way of example, the requested documents may include engineering and product specifications, engineering drawings, schematics, and service or operational manuals.
>
>    RESPONSE:
>
>    *Defendant objects to the request for documents regarding the design*

> *and assembly of the accused products as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it purports to ask for proprietary information. Defendant will produce documents within its possession, custody or control sufficient to show the structure and operation of the accused products.*

6. All correspondence relating to the '013 Patent exchanged between Defendant and any representative of Optelec, B.V., Optelec U.S.A., Inc., Optelec Holding B.V. Tieman Holding, or Tieman Group.

   RESPONSE:

   *Enhanced Vision will produce documents responsive to this request that are within its possession, custody or control.*

7. Representative Exemplars of any user manuals for the Accused Device.

   RESPONSE:

   *Enhanced Vision will produce documents responsive to this request.*

8. All documents relating to Defendant's first knowledge of the '013 Patent.

   RESPONSE:

   *Enhanced Vision will produce documents responsive to this request that are within its possession, custody or control.*

10. Documents sufficient to show Defendant's revenues and profits as a result of sales of the Accused Device.

    RESPONSE:

    *Enhanced Vision will provide the information requested regarding revenues once a satisfactory confidentiality order has been entered by the Court. Information regarding Enhanced Vision's `profits" requires a detailed study of Enhanced Vision's costs that is not readily accessible. Enhanced Vision anticipates providing this information through expert testimony.*

As indicated, despite having stated that it would produce the requested documents to the above requests, EVS has failed to produce any documents to date. As a result, EVS should be compelled to

provide responsive documents.

In addition to the production of documents, Freedom disputes a number of EVS' specific objections to Freedom's Requests for Production and Interrogatories.

### Requests for Production

2. All documents and things that relate to any effort to design, redesign or modify any Accused Products with respect to the subject matter of the '013 Patent, after you became aware of such patent.

   RESPONSE:

   *Enhanced Vision objects to this request as overbroad. A request for "all documents and things that relate ..." literally requests every document having anything to do with the accused product and is thus overbroad pursuant to the provisions of the Middle District Discovery Handbook.*

3. All documents and things relating to any redesign, reworking or other modification to the Accused Products.

   RESPONSE:

   *Enhanced Vision objects to this request as overbroad. A request for "all documents and things relating to ..." literally requests every document having anything to do with the accused product and is thus overbroad pursuant to the provisions of the Middle District Discovery Handbook.*

Freedom takes exception to the objections that Requests 2 and 3 are overbroad. Despite Freedom's use of the term "all documents," Freedom carefully tailored these Requests to a narrow set of documents. Specifically, in Request 2, Freedom limited the request in both time and scope. Freedom requested only those documents relating to the design or modification of the accused products <u>with respect to</u> the subject matter of the patent-in-suit and only for the time period after EVS became aware of the patent. Similarly, in Request 3, Freedom limited the request to documents relating to the <u>re</u>design and <u>re</u>working of the accused products, which is confined to a specific category of documents. This is not the case where Freedom requested "each and every document"

regarding a general topic. Rather, pursuant to the Middle District Discovery Handbook, these Requests are clear, concise, and reasonably particularized. These Requests are not overbroad and EVS should supplement its responses and provide the narrow category of documents requested.

Further, the requested documents are unquestionably relevant to this case. As in any patent litigation, this case will involve a comparison of the claims of the Patent-in-Suit to the devices accused of infringement. Needless to say, parties in patent cases often have divergent views on whether a redesign is successful in avoiding infringement. See, e.g., Spindelfabrik Suessen-Schurr, Stahlecker & Grill GmbH v. Schubert & Salzer, 829 F.2d 1075 (Fed. Cir. 1987)(affirming district court determination that modification to accused device did not avoid infringement); LMK Enterprises vs. Perma-Liner Indus., Inc., No. 08-CV-811-T-17 TGW, Dkt. 56 (M.D. Fla. 2010) (holding defendant in contempt despite supposed modifications to accused device). In this case, EVS seeks to completely shield its redesign efforts in the hopes of preventing a full infringement analysis. This tactic is not consistent with the broad right of discovery as defined in Fed. R. Civ. P. 26 and EVS should be required to produce the documents requested.

> 5.   Documents sufficient to show the complete design, structure, assembly, and operation of all versions of the Accused Products. By way of example, the requested documents may include engineering and product specifications, engineering drawings, schematics, and service or operational manuals.
>
> RESPONSE:
>
> *Defendant objects to the request for documents regarding the design and assembly of the accused products as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request to the extent it purports to ask for proprietary information. Defendant will produce documents within its possession, custody or control sufficient to show the structure and operation of the accused products.*

In addition to raising the same overbroad objection that Freedom disputes based on the above argument, EVS also objects to the request for design and assembly documents as "not reasonably

calculated to lead to the discovery of admissible evidence." Freedom does not comprehend how this Request is not relevant and would not lead to the discovery of admissible evidence. Clearly, EVS' design and assembly of the accused products are directly relevant to Freedom's claim of infringement and Freedom is entitled to take discovery on these topics. Without providing any explanation as to how the design and assembly of the product would not lead to the discovery of admissible evidence, EVS seeks to shield its design efforts in the hopes of preventing a comprehensive infringement analysis. This tactic is not consistent with the broad right of discovery as defined in Fed. R. Civ. P. 26 and EVS should supplement its response with the requested documents.

## Interrogatories

4. Set forth the full factual basis and explanation for any contention by Defendant that it does not infringe the Patent-in-Suit, including, but not limited to, an identification of each claim of the Patent-in-Suit that Defendant contends is not infringed (regardless of Defendant's contention as to the validity of each claim of the Patent in Suit), and separately for each such claim and each of the Accused Devices, an identification of each claim limitation that Defendant contends is not present in the Accused Device along with a detailed explanation for why Defendant contends that the claim limitation is not present in the Accused Device, an identification of all documents and things that Defendant contends support its contentions of non-infringement, and an identification of the person(s) most knowledgeable about the factual basis of Defendant's contentions of non-infringement.

ANSWER:

*Plaintiff has the burden of specifying, in compliance with Rule 11, Fed. R. Civ. P., the specific claims in the patent at issue that Enhanced Vision is allegedly infringing. Plaintiff has yet to do this. It is therefore unreasonable to expect Enhanced Vision to provide "an identification of each claim of the Patent-in-Suit that Defendant contends is not infringed." In the meanwhile, Defendant refers Plaintiff to the June 28, 2011 letter from counsel for Enhanced Vision to counsel for Plaintiff as to Defendant's preliminary opinions pending Plaintiff's identification of the specific claims Plaintiff asserts are infringed. Once Enhanced Vision is informed in writing of the specific claims at issue, Enhanced Vision will supplement its response to this interrogatory.*

EVS objects on the basis that Freedom has the burden of specifying the claims at issue. Freedom agrees that it carries this burden <u>at trial</u>, but Freedom has the right to seek discovery from EVS regarding its defenses and counterclaims prior to bearing its burden at trial. Pursuant to Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense ..." In Count I of its Counterclaim, EVS pleaded for declaratory judgment of non-infringement. Not only is information regarding EVS' claims clearly within the scope of discoverable information, but also a party is required to construe the claims of each asserted patent prior to filing claims of non-infringement. <u>See</u> Fed. R. Civ. P. 11. Consequently, upon filing its Counterclaim, EVS and its counsel would have presumably had a good-faith basis for alleging that EVS does not infringe the '013 Patent. And in fact, the use of interrogatories in patent infringement cases seeking "element-by-element infringement allegation... is properly the subject of contention interrogatories." <u>See</u> <u>Suncast Technologies, L.L.C</u>, 2008 WL 179648 at *10 (discussing that courts repeatedly uphold non-infringement contention interrogatories, citing multiple cases in support).

Moreover, EVS must provide its responses regardless of when Freedom submits its infringement contentions. <u>See</u> <u>id</u>. (ordering defendant to reveal its non-infringement contentions on the same day that the plaintiff amended its claim chart despite the argument that defendant should be allowed to wait until after plaintiff's contentions were served). Without question, the factual and legal basis for EVS' non-infringement counterclaim is relevant and discoverable. Freedom is entitled to seek discovery regarding this count and EVS cannot delay disclosing the fundamental contentions of its claim merely because infringement contentions have not yet been filed.

IV.     **ATTORNEYS' FEES AND EXPENSES**

Pursuant to Fed. R. Civ. P. 37(a)(5), if a motion to compel is granted or if the discovery is produced after a motion to compel is filed, "the court <u>must</u>, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (emphasis added). "If the motion is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37.

The Court has great discretion in awarding expenses pursuant to the Federal Rules and is not required to find bad faith prior to awarding expenses. <u>Rivers v. Am. Exp. Centurion Servs. Corp.</u>, 184 F.R.D. 670, 672 (M.D. Fla. 1998); <u>Adelman v. Boy Scouts of Am.</u>, 276 F.R.D. 681, 700 (S.D. Fla. 2011). Expenses will not be awarded, however, if: "(i) the movant filed the motion before attempting in good faith to resolve the issue without court action; (ii) the opposing party's actions were substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37. A party is substantially justified if reasonable people could differ as to the appropriateness of the objections raised or the actions taken. <u>MCC Mgmt. of Naples, Inc. v. Arnold & Porter LLP</u>, 2010 WL 1817585 (M.D. Fla. May 5, 2010).

None of the above exceptions exist here. As discussed in detail, the undersigned was more than cooperative in attempting to resolve the discovery disputes prior to resorting to court action. However, despite repeated assurances that discovery would be provided, four months later, Freedom has yet to receive any documents or supplemental discovery responses. Additionally, EVS cannot sincerely argue that its actions were justified. For most of Freedom's requests for production, EVS did not object but rather indicated that it would produce the documents requested. However, no documents have been produced. EVS' failure to produce a single document is unjustifiable,

particularly when EVS has agreed in written responses to produce the requested information. Additionally, EVS' specific objections to the above-referenced requests for production and interrogatory are completely unjustified and without merit. As a result, an award of reasonable expenses incurred in connection with Freedom filing this motion to compel is appropriate.

## V.  CONCLUSION

Freedom respectfully seeks an order compelling EVS to produce documents responsive to Freedom's First Request for Production of Documents and provide a complete response to Interrogatory No. 4. Furthermore, because EVS' refusal to produce the requested documents is not substantially justified, Freedom also seeks recovery of the attorneys' fees and expenses necessitated by this motion pursuant under Fed. R. Civ. P. 37(a)(5).

Date: July 8, 2014

Respectfully submitted,

*/s/ Michael J. Colitz, III*
Michael J. Colitz, III
Florida Bar No. 016434
michael.colitz@gray-robinson.com
Kristin Shusko, Esquire
Florida Bar No.: 85400
kristin.shusko@gray-robinson.com
Gray Robinson, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
(813) 273-5000
(813) 273-5145 (facsimile)

Attorneys for Plaintiff

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), the undersigned conferred with opposing counsel orally and in writing regarding the relief requested herein. No resolution was achieved and it is therefore submitted to the Court for determination.

-12-

## CERTIFICATE OF SERVICE

      I hereby certify that on <u>July 8, 2014</u>, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a copy to all counsel of record.

                                                       */s/ Michael J. Colitz, III*
                                                       Michael J. Colitz, III

# 5136112 v1